## 46222. PRYOR v. THE STATE.

(375 SE2d 33)

GREGORY, Justice.

Jerry Ernest Pryor, III was convicted of the murder of Winfred D. Brittan and sentenced to life imprisonment.[1] The record shows that the appellant accused the victim of stealing a basketball net from the community center basketball court and placing it on a basketball hoop the victim had erected at Perry Homes. The appellant and victim quarreled, and the victim initially refused to remove the net. The appellant went to the victim's residence at Perry Homes and told the victim's mother he was going to get a gun and shoot the victim. The appellant returned to the basketball court with a stick to remove the net. The victim then offered to remove the net. The appellant responded by chasing the victim around the court. There was evidence that the victim had both a stick and a hammer in his possession, but that he did not strike the appellant with them. The appellant, however, drew a gun, shot the victim, and fled.

The appellant testified the victim struck him in the back with a hammer without provocation. The appellant further testified that he attempted to ignore the victim, but the victim and his friends ran

---

[1] The appellant was indicted on August 24, 1987 and convicted on November 10, 1987. He was sentenced on November 19, 1987. The trial court granted appellant an out-of-time appeal on August 9, 1988. The appeal was docketed in this court on September 19, 1988, and submitted to us on briefs on November 4, 1988.

toward him armed with a knife, stick and hammer. According to the appellant he fired a shot to scare them and did not intend to hit anyone.

1. While not raised by the appellant, we hold that a rational trier of fact could have found him guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court's preliminary general instructions to the jury violated due process by charging the jury that it was required to reach a verdict. In support of this argument, appellant points to the trial court's instruction that

> a jury's decision should be in one direction or the other. Please understand I'm not saying you are under any obligation to find a guilty verdict in this case. Your verdict is to be either guilty or not guilty, one direction or the other, but not a non-decision.

However, immediately following this statement the trial court charged that

> you are here to arrive at a decision in this case, *if you are reasonably able to do so* on the evidence presented to you and the law as you understand the law instructed to you. (Emphasis supplied.)

Further, at the close of the evidence the trial court charged the jury that "in order to reach a verdict, all jurors must agree on that verdict." Additionally the court instructed the jury "to deliberate with a view toward reaching a verdict, if you can do so consistent with your individual judgments." We hold that any error in the charge complained of was cured by the trial court's additional instructions.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 1989.

*M. Muffy Blue*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.